5   231
21c 173

BRANSOM v. THE BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY.

1. SHERIFF—FEES AND SALARIES.

The sheriff is held responsible for the collection of his fees, and is required, as far as practicable, to collect them in advance. His only compensation for services is an annual salary payable only out of the fees, commissions and emoluments of his office. If the fund thus created is sufficient, his salary will be paid in full; if not, it must be diminished to the extent of the deficiency.

2. SAME—TRAVELING EXPENSES.

The actual and necessary traveling expenses of the sheriff, provided they do not exceed the statutory limit, are to be refunded to him out of the mileage allowed for the service in which the expense was incurred. The allowance for such expenses is a reimbursement of money expended, and is in addition to and independent of salary.

3. SAME.

The fees and mileage earned by the sheriff in all cases, civil and criminal, belong to the county, and when collected must be paid to the county. His salary, payable out of the fees, and traveling expenses, payable out of the mileage, are all that he is in any event entitled to.

4. COSTS IN CRIMINAL CASES.

In case of a conviction in a criminal proceeding judgment must be rendered against the defendant for the costs of the prosecution, and when rendered, is a lien upon his property, if he has any, and is collected by execution; but if he is acquitted, and the prosecuting witness is not adjudged to pay the costs, or if he is convicted, and is unable to pay them, the costs of the prosecution are a charge against the county, payable out of its general fund.

5. TRAVELING EXPENSES.

It is the duty of the sheriff to collect his fees and actual traveling expenses in civil actions from the party in whose behalf he acted.

*Error to the District Court of Larimer County.*

Mr. FRANK J. ANNIS and Mr. E. A. BALLARD, for plaintiff in error.

Messrs. ROBINSON & LOVE, for defendant in error.

THOMSON, J., delivered the opinion of the court.

The plaintiff in error presented sundry claims against Larimer county to its board of county commissioners, which were disallowed. An appeal was taken to the district court, where the cause was heard upon the following agreed facts:

" STATE OF COLORADO, } ss.    In the District Court.
  LARIMER COUNTY,

" William T. Bransom, plaintiff, vs. The Board of County Commissioners of Larimer County, defendant.

" AGREED STATEMENT OF FACTS.

" It is expressly understood and agreed that at the times mentioned herein the said William T. Bransom was the duly elected, qualified and acting sheriff of said Larimer county, and that in the discharge of his duties in certain civil and criminal business in the district and county courts of said Larimer county, he incurred certain expenses for team hire and car fare, which said claims were duly presented to the board of county commissioners, and disallowed by said board at the April meeting, 1892.

" That the claims which were disallowed are hereinafter set forth and more specifically described in the exhibits, consisting of certified copies of said claims duly made by the clerk of said board of county commissioners.

" That for the purpose of determining the questions growing out of the disallowance of said claims by the said board of county commissioners, it is expressly agreed that the following statement of facts shall be submitted:

" *First*—That at the March term of the district court of said Larimer county, 1892, the said William T. Bransom, as sheriff, incurred actual expense for team hire and railroad fare in certain criminal cases to the amount of $128.35 ; that of this amount the sum of $42.90 was expended for sheriff's car fare and prisoner's to Canon City and return, paid out in transporting prisoners to the state penitentiary, and is more specifically set forth in the exhibit hereto attached marked ' A.'

" *Second*—That between the 12th day of January and the

26th day of February, 1892, the said William T. Bransom, as sheriff, paid out and expended for team hire and car fare in certain civil causes pending in the county and district courts of said Larimer county the sum of $28.45, which is more particularly set forth in the exhibit hereto attached marked 'B.'

" *Third*—That the said William T. Bransom, as sheriff of said Larimer county, paid out and expended as actual traveling expenses for team hire and car fare in certain civil causes pending in both county and district courts of said Larimer county the sum of $59.25, which is more particularly set forth in the exhibit hereto attached and marked ' C.'

" This agreed statement of facts is submitted to the court for the purpose of determining the following questions:

" *First*—Is it lawful for the said sheriff to charge traveling expenses in the service of any criminal or civil process, not to exceed ten cents per mile ; and shall the same be paid out of the sheriff's salary fee fund, or is it lawful to pay the same from the general fund of the county to said sheriff for said traveling expenses, and is the said county of Larimer liable for the payment of said expenses ?

" *Second*—Is it lawful for the sheriff to charge actual traveling expenses to and from the state penitentiary at Canon City for himself or his deputies, or in transporting prisoners to said penitentiary, and shall the same be paid out of the general fund of the county ? "

A supplemental agreement was made in open court, as follows :

" It was agreed and stipulated in open court by the respective parties hereto, by their attorneys, as shown by the stenographer's notes, that in exhibit ' A ' the charge for car fare from Fort Collins to Canon City and return of $17.50 is exclusive of and in addition to all other expenses which have been allowed and paid by defendant.

" It was also further stipulated and agreed in open court by the said parties, as shown by the stenographer's notes, that the charge for mileage from Canon City to Fort Collins of $25.40 is exclusive of and in addition to plaintiff's mileage

of 20 cents a mile, which amount has been allowed and paid, this charge being for coming back."

The court rendered judgment in plaintiff's favor for $17.50, and disallowed the entire residue of his claims. He has prosecuted error to this court to reverse the judgment.

The foregoing statements are quite general and not very satisfactory. The controversy is evidently over the construction of the statutes concerning officers' fees and salaries; but for the purpose of determining the questions sought to be raised, there is not such definite presentation of facts as could be desired. The act concerning fees (Session Laws, 1891, p. 200), fixes the charges of officers for the several classes of service they are required to perform. The fees of sheriffs for serving and returning process and for mileage are prescribed. The fees for mileage are, in counties of the class to which Larimer county belongs, ten cents for each mile actually and necessarily traveled in serving process, and twenty cents per mile for transporting prisoners. By the salary act (Session Laws, 1891, p. 307), all fees collected by officers are required to be paid over to the county treasurer, and to be kept by him in separate funds, to which appropriate names are given, those collected by the sheriff being placed in the " sheriff's fee fund." Officers are held responsible for the collection of their fees, and are required, so far as practicable, to collect them in advance. Their only compensation for their services rendered is an annual salary payable out of the fees, commissions and emoluments of their offices ; that of each officer coming from his own proper fee fund and from no other source. If there is a surplus in any fund at the end of the year, after salaries and compensation chargeable to it are paid, it is turned into the general county fund. In the counties with which Larimer county is classified the sheriff's salary is $3,500 per year, payable quarterly out of the sheriff's fee fund. Deputies also receive salaries out of the same fund. In the case of sheriffs the law contains, in addition to the regulations concerning salaries, the following further provision : " Sheriffs in counties of the first class shall be allowed

actual traveling expenses, which shall be payable out of and not exceeding a mileage at the rate of five cents per mile for each mile actually and necessarily traveled in the performance of all official duties in all cases. In counties of all other classes he shall be allowed actual traveling expenses which shall be paid out of and not exceeding a mileage at the rate of ten cents per mile, actually and necessarily traveled in the performance of duty." The last sentence of the foregoing applies to Larimer county.

There is nothing in either of the two acts which is obscure or of doubtful meaning. The sheriff must collect his fees and deposit them in the treasury, where they must be kept apart in the sheriff's fee fund. The fee act includes mileage in the term fees, and the same disposition must be made of it as of other fees. From this fee fund alone must be paid the salaries of the sheriff and his deputies. There is no other source from which they can come. If the fund is sufficient the salaries will be paid in full, but if not, they must be diminished to the extent of the deficiency. It was not, however, the intention of the legislature that the sheriff's salary should be burdened with the expense necessarily incurred by him in the performance of his duties. His actual and necessary traveling expenses, provided they do not exceed a certain limit, are to be refunded to him out of the mileage allowed for the services in which the outlay was made. The language is "*out of* and not exceeding a mileage at the rate of ten cents per mile." The allowance for traveling expenses is not a payment for services; it is a reimbursement of money expended, and is in addition to, and independent of, salary. If the traveling expenses should exceed the amount of mileage, at the rate limited, against which they are chargeable, the full expenses could not be paid, and a proportionate loss would be suffered; but when mileage in either a civil or criminal case has been collected and deposited, it is the duty of the board of commissioners to allow the traveling expenses incurred in the case, payable out of the mileage, if it amounts to so much, or if not, to the extent of the mileage deposited. The salary

is receivable quarterly, but there are no regular times for the repayment of traveling expenses. They are therefore due and payable upon the collection and deposit of the mileage.

In civil suits between individuals the adjustment of the officer's expense accounts is a simple matter, because he collects all his fees in advance, and nothing but computation is required to ascertain the amount to be allowed; but in criminal causes the matter is more complicated by reason of the statutory provisions concerning costs in such cases. In case of a conviction judgment must be rendered against the defendant for the costs of prosecution, and, when rendered, is a lien upon his property, if he has any, and is collected by execution. Gen. Stats., 1883, secs. 964, 965. But if he is acquitted, and the prosecuting witness is not adjudged to pay the costs, or if he is convicted, and is unable to pay them, in either of such cases the costs of the prosecution are a charge against the county. Session Laws, 1889, p. 100. Or if a defendant makes a proper showing of want of means to procure the attendance of witnesses, the court will order them summoned, and their fees and the costs incurred by the process are payable in the same manner that similar costs are paid in case of witnesses in behalf of the people. Gen. Stats., 1883, sec. 1001. Except upon some one of the foregoing conditions, a county cannot be held for any costs in a criminal proceeding. *Fremont County v. Wilson*, 3 Colo. App. 492.

Where it is sought to collect from the county the costs of prosecution, it must appear, if the defendant was convicted, that they cannot be collected from him; or, if he was acquitted, that the prosecuting witness was not adjudged to pay them; or, where a claim is made for the defendant's costs for witnesses, it must be shown that they were authorized by an order of the court duly made. Without a showing of one of these facts there is no cause of action against the county; but when it is made to appear, it is the duty of the commissioners to allow the proper fees of the officer for his services in the case, so that they may go into the fund

out of which his compensation and legal expenses are to be paid. If their allowance is refused he can compel payment. Although, when collected, they are not to be retained by him, but placed in the treasury, yet he is charged with the duty of collecting them, and the liability of the county, in the first instance, is to him. *Henderson v. Board of Commissioners*, 4 Colo. App. 301. They are a general debt of the county and are, therefore, payable out of its general fund. When they are collected and paid into the treasury, the sheriff is entitled to his traveling expenses, which must be allowed, payable out of the mileage included in the fees. In no case, civil or criminal, do fees or mileage belong to the sheriff. They belong to the county. When he has performed the duty of collecting them, he must pay them to the county. His salary, payable out of the fees, and his traveling expenses, payable out of the mileage, are all that he is in any event entitled to.

We gather from the agreed statement that the plaintiff, as sheriff, transported certain prisoners from Fort Collins to Canon City, and that all the expenses of transportation were allowed and paid by the county. The plaintiff recovered judgment for his own traveling expenses. Mileage at the rate of twenty cents per mile was allowed, but it seems doubtful whether this included the return trip, because a separate charge against the county of $25.40 was made for that. But this is a matter which it is not important to know. Judgment having been rendered in plaintiff's favor for his traveling expenses, he recovered all that he was entitled to on that account, and upon such recovery the mileage became a matter of no further concern to him.

There are three exhibits in the record, marked "A," "B" and "C," respectively. Exhibit "A" contains the charges connected with the transportation of prisoners, which were settled. Besides those it embraces charges in a number of other criminal cases for team hire, car fare, etc. We are not informed whether these are for transporting prisoners, or are the personal expenses of the plaintiff. It is not stated that

the defendants were convicted and unable to pay the costs, or were acquitted and the prosecuting witness was not adjudged to pay them; or that the charges were for expenses made in behalf of the defendant under the order of the court. None of the statutory conditions upon which the liability is based are set forth.

Exhibits "B" and "C" are composed of fees, costs and expenses in a number of civil causes, to none of which the county was a party. Why an attempt was made to charge the county with such fees and costs is not explained. It was the duty of the plaintiff to collect these from the party in whose behalf he acted, and, having collected them, to turn them into the county treasury. They were no more chargeable to the county than to any other stranger to the record. If he had collected and deposited them as the law requires, it would have been the duty of the county to return to him, from the amount, his actual and necessary traveling expenses incurred in the performance of the duties out of which the costs arose. But until such collection and deposit he had no claim against the county for moneys expended. No reason why these expenses should be allowed to him is stated.

There is nothing in the agreed facts to warrant a judgment different from the one rendered, which, therefore, we shall not undertake to disturb.

*Affirmed.*